UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ELIZABETH P. CHEN,

    Plaintiff,

v.

J.C. CHRISTENSEN & ASSOCATES, INC.,
and LVNV FUNDING, LLC.,

    Defendant.

_____/

## CLASS ACTION COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant, J.C. CHRISTENSEN & ASSOCIATES, INC., placed telephone calls and sent letters into this District on behalf of Defendant, LVNV FUNDING, LLC.

## PARTIES

3. Plaintiff, ELIZABETH P. CHEN, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, J.C. CHRISTENSEN & ASSOCIATES, INC. ("J.C. CHRISTENSEN"), is a corporation and citizen of the State of Minnesota with its principal place of business at 200 14th Avenue East, Sartell, Minnesota, 56377.

5. Defendant, LVNV FUNDING, LLC ("LVNV"), is a Delaware limited liability company, and all of its members are citizens of the State of South Carolina, with its principle place of business at Suite 206, 200 Meeting Street, Charleston, South Carolina 29401.

6. Defendant, J.C. CHRISTENSEN, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant, LVNV, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant, J.C. CHRISTENSEN, regularly collects or attempts to collect debts for other parties.

9. Defendant, LVNV, is a "debt collector" as defined in the FDCPA.

10. Defendant, J.C. CHRISTENSEN, is a "debt collector" as defined in the FDCPA.

11. Defendant, LVNV, authorized Defendant, J.C. CHRISTENSEN, to collect the alleged debt from Plaintiff by placing telephone calls and sending letters on its behalf to Plaintiff.

12. Defendant, J.C. CHRISTENSEN, sent letters and placed telephone calls to Plaintiff in an effort to collect the alleged debt on behalf of LVNV.

13. Defendant, LVNV, conveyed information to Plaintiff regarding the alleged debt through Defendant, J.C. CHRISTENSEN'S telephone calls to Plaintiff.

14. By virtue of its status as a debt collector, LVNV, is vicariously liable to Plaintiff and the class for J.C. CHRISTENSEN'S violations of the FDCPA. See _Pollice v. National Tax Funding, L.P._, 225 F.3d 379, 405 (3d Cir. Pa. 2000); _McCorriston v. L.W.T., Inc._, 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); _Schutz v. Arrow Fin. Servs., LLC_, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

15. Because LVNV is now the original creditor by assignment on whose behalf J.C. CHRISTENSEN placed the calls, it is vicariously liable to Plaintiff and the class with respect to the alleged violations of the TCPA. The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC, IN THE

MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCC RUL. 07-232").

## FACTUAL ALLEGATIONS

16. Defendant, J.C. CHRISTENSEN, sought to collect from Plaintiff an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

17. Plaintiff had a JC Penny credit card. She was unable to make the payments and the debt went into default. JC Penny sold or otherwise transferred the debt. Defendant, LVNV, purchased or otherwise obtained the alleged debt and was the owner of the alleged debt at the time J.C. CHRISTENSEN placed calls to Plaintiff.

18. Defendant, J.C. CHRISTENSEN, left the following messages on Plaintiff's voice mail on her cellular telephone on or about the dates stated:

> April 8, 2010 at 11:25 AM – Pre-Recorded Message
> We have an important message from JC Christensen & Associates. This is a call from a debt collector. Please call 866-245-5344.
>
> We have an important message from JC Christensen & Associates. This is a call from a debt collector. Please call 866-245-5344.
>
> April 9, 2010 at 12:55 PM – Pre-Recorded Message
> We have an important message from JC Christensen & Associates. This is a call from a debt collector. Please call 866-245-5344.

>We have an important message from JC Christensen & Associates. This is a call from a debt collector. Please call 866-245-5344.
>
>April 23, 2010 at 11:07 AM – Pre-Recorded Message
>We have an important message from JC Christensen & Associates. This is a call from a debt collector. Please call 866-245-5344.
>
>We have an important message from JC Christensen & Associates. This is a call from a debt collector. Please call 866-245-5344.

19. The foregoing pre-recorded telephone messages are uniform pre-recorded messages and is one of Defendant, J.C. CHRISTENSEN's, standard messages used to collect debts from consumers.

20. Because Defendant's messages fail to identify the intended recipient, it is impossible to determine if the message is intended for Plaintiff or some other household member and consequently the messages fail to state the purpose of the calls as the recipient cannot determine if the purpose of the call is to collect a debt from the recipient or some other household member or other person.

21. The telephone messages are "communications" as defined by 15 U.S.C. §1692a(2). See <u>Berg v. Merchs. Ass'n Collection Div</u>., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

22. Defendant, J.C. CHRISTENSEN, used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

5

23.   None of Defendant, J.C. CHRISTENSEN, telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

## COUNT I
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

24.   Plaintiff incorporates Paragraphs 1 through 23.

25.   Because Defendant's messages fail to identify the intended recipient, it is impossible to determine if the message is intended for Plaintiff or some other household member or person and thus the messages fail to state the purpose of the calls as the recipient cannot determine if the purpose of the call is to collect a debt from the recipient or some other household member or other person in violation of 15 U.S.C §1692d(6).

## COUNT II
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

26.   Plaintiff incorporates Paragraphs 1 through 23.

27.   Defendant, J.C. CHRISTENSEN, by placing telephone calls using an automatic telephone dialing system or pre-recorded or artificial voice to Plaintiff's cellular telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d. See Order Denying Defendants' Motion to Dismiss Count IV (DE 19), _Clarke, Kerryjoe N. v Weltman, Weinberg & Reis, Co., et al.,_ Case No.: 10-60600-Civ-Cohn/Seltzer (S.D. Fla July 15, 2010), (holding that the same conduct can separately support a violation of both the FDCPA and TCPA).

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

28.  Plaintiff incorporates Paragraphs 1 through 23.

29.  Defendant, J.C. CHRISTENSEN, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

## CLASS ACTION ALLEGATIONS

30.  Plaintiff incorporates the foregoing paragraphs.

31.  This action is brought on behalf of three classes: two FDCPA classes and a TCPA class.

32.  The FDCPA Failure to State Purpose class is defined as:

    a.  all Florida residents for whom Defendant, J.C. CHRISTENSEN, left messages in which it failed to identify the intended recipient and thus failed to state the purpose of it calls in violation of 15 U.S.C §1692d(6).

    b.  in an attempt to collect a debt incurred for personal, family, or household purposes,

    c.  then due LVNV,

    d.  during the one-year period prior to the filing of the complaint.

33.  The FDCPA Unauthorized Calls class is defined as:

7

      a.      all Florida residents for whom Defendant, J.C. CHRISTENSEN, placed telephone calls using an automatic telephone dialing system or pre-recorded or artificial voice to place telephone calls to recipient's cellular telephone to which the recipient had not consented, in violation of 15 U.S.C §1692d.

      b.      in an attempt to collect a debt incurred for personal, family, or household purposes,

      c.      then due LVNV,

      d.      during the one-year period prior to the filing of the complaint.

34.    The TCPA class is defined as:

      a.      all persons having cellular telephone service with Florida area codes to whom Defendant, J.C. CHRISTENSEN, placed any call using an automatic telephone dialing system or an artificial or prerecorded voice to the recipient's cellular telephone to which the recipient had not consented, in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

      b.      during the four-year period prior to the filing of the complaint.

      c.      then due LVNV,

35.     As a result of Defendant J.C. CHRISTENSEN's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the TCPA Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

36.     As a result of Defendant J.C. CHRISTENSEN's willful or knowing violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the TCPA Class Members are entitled to an award of up to $1,000.00 in additional statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

37.     Plaintiff alleges on information and belief based on the use of uniform telephone messages that the class is so numerous that joinder of all members is impractical.

38.     There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

    a.     whether Defendant J.C. CHRISTENSEN's messages violate the FDCPA

    b.     whether Defendant J.C. CHRISTENSEN's messages violate the TCPA and

    c.     whether Defendant J.C. CHRISTENSEN is a debt collector.

39. The claims of Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

40. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful debt collection practices under the FDCPA, actions under the TCPA and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

41. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

    a. The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

WHEREFORE, Plaintiff, ELIZABETH P. CHEN, requests that the Court enter judgment in favor of herself and the classes and against Defendants, J.C. CHRISTENSEN & ASSOCATES, INC and LVNV FUNDING, LLC.

    a. Certification of this matter to proceed as a class action;

    b. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B) for the FDCPA classes;

      c.      Statutory damages pursuant to pursuant to 47 U.S.C. §227(b)(3) for the TCPA class;

      d.      A permanent injunction prohibiting Defendants from placing non-emergency calls to the cellular telephone of any Florida resident using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party;

      e.      Attorney's fees, litigation expenses and costs of suit; and

      f.      Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

                Respectfully submitted,

                DONALD A. YARBROUGH, ESQ.
                Attorney for Plaintiff
                Post Office Box 11842
                Fort Lauderdale, Florida 33339
                Telephone: (954) 537-2000
                Facsimile: (954) 566-2235
                donyarbrough@mindspring.com

                s/Donald A. Yarbrough
                Donald A. Yarbrough, Esq.
                Florida Bar No. 0158658